THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
DAREN HEATHERLY
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMC

| | |
|---|---|
| DAREN HEATHERLY, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>WASHOE HOUSE, INC., a California corporation,<br><br>    Defendant. | CASE NO. **08 0736**<br>Civil Rights<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br><br>**DEMAND FOR JURY** |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1  Plaintiffs DAREN HEATHERLY, an individual; and DISABILITY RIGHTS,

2  ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California

3  public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of

4  defendant WASHOE HOUSE, INC., a California corporation and allege as follows:

5  **INTRODUCTION:**

6        1.     This is a civil rights action for discrimination against persons with physical

7  disabilities, of which class plaintiff DAREN HEATHERLY  and the membership of DREES are

8  members, for failure to remove architectural barriers structural in nature at defendants'

9  WASHOE HOUSE, a place of public accommodation, thereby discriminatorily denying plaintiffs

10  and the class of other similarly situated persons with physical disabilities access to, the full and

11  equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,

12  and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the

13  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

14  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15        2.     Plaintiff DAREN HEATHERLY is a person with physical disabilities who, on or

16  about October 13, 2007, October 15, 2007 and November 8, 2007, was an invitee, guest, patron,

17  customer at defendants' WASHOE HOUSE, in the City of Petaluma, California.  At said time

18  and place, defendants failed to provide proper legal access to the restaurant, which is a "public

19  accommodation" and/or a "public facility" including, but not limited to signage, parking, path of

20  travel, entrance, bar and restrooms .  The denial of access was in violation of both federal and

21  California legal requirements, and plaintiff DAREN HEATHERLY suffered violation of his civil

22  rights to full and equal access, and was embarrassed and humiliated.

23  **JURISDICTION AND VENUE:**

24        3.     **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

25  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

26  pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

27  nucleus of operative facts and arising out of the same transactions, are also brought under parallel

28  California law, whose goals are closely tied with the ADA, including but not limited to violations

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 2840 Roblar Road, in the City of Petaluma, County of Sonoma, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.    Plaintiff DAREN HEATHERLY is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff DAREN HEATHERLY  is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff DAREN HEATHERLY is afflicted with Multiple Sclerosis and a left hip replacement.   Plaintiff DAREN HEATHERLY requires the use of a wheelchair to travel about in public.  Consequently, plaintiff DAREN HEATHERLY is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  general public, public agencies and the private business sector.  DREES brings this action on

2  behalf of its members, many of whom are persons with physical disabilities and whom have

3  standing in their right to bring this action.

4       7.      That members of DREES, like plaintiff DAREN HEATHERLY, will or have

5  been guests and invitees at the subject WASHOE HOUSE, and that the interests of plaintiff

6  DREES in removing architectural barriers at the subject house advance the purposes of DREES

7  to assure that all public accommodations, including the subject house, are accessible to

8  independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged

9  herein is purely statutory in nature.

10      8.      Defendant WASHOE HOUSE, INC., a California corporation (hereinafter

11 alternatively collectively referred to as "defendant") is the owner and operator, lessor and/or

12 lessees, or agent of the owners, lessors and/or lessees, of the public accommodation known as

13 WASHOE HOUSE, located at/near 2840 Roblar Road, Petaluma, California, or of the building

14 and/or buildings which constitute said public accommodation.

15      9.      At all times relevant to this complaint, defendant WASHOE HOUSE INC., a

16 California corporation, own and operate in joint venture the subject WASHOE HOUSE as a

17 public accommodation.  This business is open to the general public and conducts business

18 therein.  The business is a "public accommodation" or "public facility" subject to the

19 requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955,

20 *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10.    At all times relevant to this complaint, defendant WASHOE HOUSE INC., a California corporation are jointly and severally responsible to identify and remove architectural barriers at the subject WASHOE HOUSE  pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201    General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.    The WASHOE HOUSE, is a historic style restaurant, located at/near 2840 Roblar Road, California.  The WASHOE HOUSE, its signage, parking, path of travel, entrance, bar, restrooms and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the WASHOE HOUSE and each of its facilities, its signage, parking, path of travel, entrance bar and restrooms to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.    At all times stated herein, plaintiff DAREN HEATHERLY was a member of DREES.

13.    At all times referred to herein and continuing to the present time, defendant, and each of them, advertised, publicized and held out the WASHOE HOUSE  as being handicapped accessible and handicapped usable.

14.    On or about October 13, 2007, October 15, 2007 and November 8, 2007, plaintiff DAREN HEATHERLY was an invitee and guest at the subject WASHOE HOUSE, with his wife, Irma Ramirez, for purposes of having food and beverage.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15.     On or about October 13, 2007, plaintiff DAREN HEATHERLY entered the parking lot with his wife.  Plaintiff's wife was driving.  They could not find any parking for the disabled.  There wasn't even any parking signage.

16.     At said time and place, plaintiff DAREN HEATHERLY and his wife exited from their van.  Neither saw any directional signage indicating a clear path of travel from the parking lot.

17.     At said time and place, plaintiff DAREN HEATHERLY and Irma Ramirez encountered the entry door which had a high threshold making entry difficult.

18.     At said time and place, plaintiff DAREN HEATHERLY wheeled into the restaurant with his wife.  The bar did not have accessible seating.

19.     At said time and place, plaintiff DAREN HEATHERLY and his wife were seated for their meals.  Plaintiff DAREN HEATHERLY needed to use a restroom.  Any accessible restroom whether a men's or women's would have been acceptable.

20.     At said time and place, plaintiff DAREN HEATHERLY attempted to use the restroom and during the ordeal of using the water closet, plaintiff suffered trauma to his body. Plaintiff DAREN HEATHERLY became trapped in the restroom and was forced to cry out for help, and gain the attention of other patrons.  Another man came and extricated plaintiff DAREN HEATHERLY from the restroom.

21.     On or about October 15, 2007, plaintiff DAREN HEATHERLY and his wife returned to the WASHOE HOUSE.  Plaintiff DAREN HEATHERLY encountered all of the same barriers he had experienced two (2) days before, except for the restroom.  Plaintiff DAREN HEATHERLY knew it would be futile to attempt to use the men's restroom.

22.     On or about November 8, 2007, plaintiff DAREN HEATHERLY and Irma Ramirez returned to the WASHOE HOUSE.  They hoped that some access would have been provided, such as parking.  They found that none of the barriers had been removed.  Plaintiff DAREN HEATHERLY encountered all of the same architectural barriers.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

23.    Therefore, at said time(s) and place, plaintiff DAREN HEATHERLY, a person with a disability, encountered the following inaccessible elements of the subject WASHOE HOUSE which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

a.    lack of directional signage to show accessible routes of travel, i.e, entrances;

b.    lack of the requisite type and number of disabled parking stall(s);

c.    lack of the requisite number of regular disabled parking stall(s);

d.    lack of disabled van accessible parking stall(s);

e.    lack of (proper) disabled parking signage;

f.    lack of tow-a-way signage;

g.    lack of an accessible entrance;

h.    lack of handicapped accessible bar counter;

i.    lack of a handicapped-accessible women's public restroom;

j.    lack of a handicapped-accessible men's public restroom;

k.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

24.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

25.    On or about October 24, 2007, defendant(s) were sent two (2) letters by or on behalf of plaintiff DAREN HEATHERLY advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. The letters addressed to 2840 Roblar Road was returned.  Plaintiff and his wife then learned that the letters should have been addressed to the landlord and tenant with the address of Stoney Point Road and Roblar.  Irma Ramirez re-did the envelope and mailed the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    letters back in November of 2007.  Those letter were not returned.  Said letters are attached

2    hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

3    Defendants' failure to respond evidenced an intent not to seek or engage in an early and

4    reasonable resolution of the matter.

5          26.    At all times stated herein, defendant, and each of them, did not act as reasonable

6    and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

7    removing architectural barriers that would foreseeably prevent plaintiff DAREN HEATHERLY

8    from receiving the same goods and services as able bodied people and some of which may and

9    did pose a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal

10   result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff

11   suffered bodily injury.

12         27.    As a legal result of defendant WASHOE HOUSE INC., a California corporation's

13   failure to act as a reasonable and prudent public accommodation in identifying, removing or

14   creating architectural barriers, policies, practices and procedures that denied access to plaintiffs

15   and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

16         28.    As a further legal result of the actions and failure to act of defendant, and as a

17   legal result of the failure to provide proper handicapped-accessible public facilities as set forth

18   herein, plaintiffs were denied their civil rights to full and equal access to public facilities.

19   Plaintiff DAREN HEATHERLY suffered a loss of his civil rights and his rights as a person with

20   physical disabilities to full and equal access to public facilities, and further suffered bodily injury

21   on or about October 13, 2007, (including, but not limited to, fatigue, stress, strain and pain in

22   wheeling and attempting to and/or transferring up, on, down, to, over, around and through

23   architectural barriers.  Specifically, as a legal result of defendants negligence in the design,

24   construction and maintenance of the existing men's restroom, plaintiff suffered continuous,

25   repetitive and cumulative trauma to his upper extremities while attempting to extricate himself

26   from the men's restroom).

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

29.     Further, plaintiff DAREN HEATHERLY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

30.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff DAREN HEATHERLY's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff DAREN HEATHERLY harm as stated herein.

31.     Plaintiff DAREN HEATHERLY and the membership of DREES were denied their rights to equal access to a public facility by defendant WASHOE HOUSE, INC., a California corporation because defendant WASHOE HOUSE, INC., a California corporation maintained a steak house without access for persons with physical disabilities to its facilities, including but not limited to the signage, parking, path of travel, entrance bar, restrooms and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

32.     On information and belief, construction alterations carried out by defendant has also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

33.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the WASHOE HOUSE to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendant operates the house as a public facility.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

34.     Plaintiffs seek damages for violation of their civil rights on October 13, 2007, October 15, 2007 and November 8, 2007 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that he landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff DAREN HEATHERLY from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

35.     On information and belief, defendant has been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

36.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendant to make the WASHOE HOUSE accessible to persons with disabilities.

37.     On information and belief, defendant has intentionally undertaken to modify and alter existing building(s), and has failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of the defendant, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendant, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators of other steak houses, speciality restaurants

1  and other public facilities, and to punish defendant and to carry out the purposes of the Civil

2  Code §§ 51, 51.5 and 54.

3       38.    Plaintiffs are informed and believe and therefore allege that defendant WASHOE

4  HOUSE, INC., a California corporation, and each of them, caused the subject building(s) which

5  constitute the WASHOE HOUSE to be constructed, altered and maintained in such a manner

6  that persons with physical disabilities were denied full and equal access to, within and throughout

7  said building(s) of the house and were denied full and equal use of said public facilities.

8  Furthermore, on information and belief, defendants have continued to maintain and operate said

9  house and/or its building(s) in such conditions up to the present time, despite actual and

10  constructive notice to such defendants that the configuration of the WASHOE HOUSE and/or its

11  building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff

12  DAREN HEATHERLY, the membership of plaintiff DREES and the disability community

13  which DREES serves. Such construction, modification, ownership, operation, maintenance and

14  practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and

15  Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

16       39.    On personal knowledge, information and belief, the basis of defendants' actual

17  and constructive notice that the physical configuration of the facilities including, but not limited

18  to, architectural barriers constituting the WASHOE HOUSE and/or building(s) was in violation

19  of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not

20  limited to, communications with invitees and guests, plaintiff DAREN HEATHERLY himself,

21  owners of other restaurants, hotels, motels and businesses, notices they obtained from

22  governmental agencies upon modification, improvement, or substantial repair of the subject

23  premises and other properties owned by these defendants, newspaper articles and trade

24  publications regarding the Americans with Disabilities Act of 1990 and other access laws, public

25  service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000,

26  and other similar information. Defendants' failure, under state and federal law, to make the

27  WASHOE HOUSE accessible is further evidence of defendants' conscious disregard for the

28  rights of plaintiff and other similarly situated persons with disabilities. Despite being informed

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  of such effect on plaintiff and other persons with physical disabilities due to the lack of

2  accessible facilities, defendant, and each of them, knowingly and willfully refused to take any

3  steps to rectify the situation and to provide full and equal access for plaintiffs and other persons

4  with physical disabilities to the house.  Said defendant, and each of them, have continued such

5  practices, in conscious disregard for the rights of plaintiffs and other persons with physical

6  disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendant had

7  further actual knowledge of the architectural barriers referred to herein by virtue of the demand

8  letter addressed to the defendant and served concurrently with the summons and complaint.  Said

9  conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with

10  physical disabilities, constitutes despicable conduct in conscious disregard of the rights and

11  safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble

12  damages per Civil Code §§52 and 54.3.

13     40.     Plaintiff DAREN HEATHERLY and plaintiff DREES, on behalf of its

14  membership and the disability community which it serves, consisting of persons with disabilities,

15  would, could and will return to the subject public accommodation when it is made accessible to

16  persons with disabilities.

**I.  FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
    ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
    DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
California public benefit corporation and Against Defendant WASHOE HOUSE, INC., a
California corporation, inclusive)
(42 U.S.C. §12101, *et seq.*)

41.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 40 of this complaint.

///

///

///

///

///

42.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully

protect:

some 43 million Americans with one or more physical or mental
disabilities; [that] historically society has tended to isolate and
segregate individuals with disabilities; [that] such forms of
discrimination against individuals with disabilities continue to be a
serious and pervasive social problem; [that] the nation's proper
goals regarding individuals with disabilities are to assure equality
of opportunity, full participation, independent living and economic
self-sufficiency for such individuals; [and that] the continuing
existence of unfair and unnecessary discrimination and prejudice
denies people with disabilities the opportunity to compete on an
equal basis and to pursue those opportunities for which our free
society is justifiably famous.

43.    Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and
comprehensive national mandate for the elimination of
discrimination against individuals with disabilities; (2) to provide
clear, strong, consistent, enforceable standards addressing
discrimination against individuals with disabilities; (3) to ensure
that the Federal government plays a central role in enforcing the
standards established in this act on behalf of individuals with
disabilities; and (4) to invoke the sweep of Congressional
authority, including the power to enforce the 14th Amendment and
to regulate commerce, in order to address the major areas of
discrimination faced day to day by people with disabilities.

44.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

(hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

accommodations identified for purposes of this title was:

(7)    PUBLIC ACCOMMODATION - The following private
entities are considered public accommodations for purposes of this
title, if the operations of such entities affect commerce -
                                              ---
          (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

45.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

46.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendant set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

47.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the

WASHOE HOUSE pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

48.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendant under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendant to remove each of such barriers, the defendant has failed to make the required services available through alternative methods which were readily achievable.

49.     On information and belief, construction work on, and modifications of, the subject building(s) of WASHOE HOUSE occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

50.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

51.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

organization covered by this title does not intend to comply with its provisions".  Pursuant to this section, plaintiff DAREN HEATHERLY has not returned to defendants' premises since on or about November 8, 2007, but on information and belief, alleges that the defendant has continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

52.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant WASHOE HOUSE, INC., a California corporation, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

53.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 52 of this complaint.

54.    At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

(a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

55.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

56.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

(d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

57.    Plaintiff DAREN HEATHERLY and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendant, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendant knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' WASHOE HOUSE.  As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which they visited or have been deterred

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  from visiting the house because of their knowledge and belief that the WASHOE HOUSE is

2  inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

3          Any person or persons, firm or corporation, who denies or
           interferes with admittance to or enjoyment of the public facilities

4          as specified in Sections 54 and 54.1 or otherwise interferes with
           the rights of an individual with a disability under Sections 54, 54.1

5          and 54.2 is liable for each offense for the actual damages and any
           amount as may be determined by a jury, or the court sitting without

6          a jury, up to a maximum of three times the amount of actual
           damages but in no case less than . . .one thousand dollars ($1,000)

7          and . . . attorney's fees as may be determined by the court in
           addition thereto, suffered by any person denied any of the rights

8          provided in Sections 54, 54.1 and 54.2.

9          Civil Code §54.3(a)

10         58.    On or about October 13, 2007, October 15, 2007 and November 8, 2007 , plaintiff

11  DAREN HEATHERLY suffered violations of Civil Code §§54 and 54.1 in that plaintiff DAREN

12  HEATHERLY was denied access to signage, parking, path of travel, entrance, bar and restrooms

13  and other public facilities as stated herein at the WASHOE HOUSE and on the basis that

14  plaintiff DAREN HEATHERLY was a person with physical disabilities.

15         59.    As a result of the denial of equal access to defendants' facilities due to the acts

16  and omissions of defendant, and each of them, in owning, operating and maintaining these

17  subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not

18  limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff DAREN

19  HEATHERLYsuffered physical discomfort, bodily injury on or about October 13, 2007,

20  (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or

21  transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a

22  legal result of defendants negligence in the design, construction and maintenance of the existing

23  men's restroom, plaintiff DAREN HEATHERLY suffered continuous, repetitive and cumulative

24  trauma to his upper extremities while attempting to extricate himself from the men's restroom).

25         60.    Further, plaintiff DAREN HEATHERLY suffered emotional distress, mental

26   distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment,

27  frustration, anger, disappointment and worry, all of which are expectedly and naturally associated

28  with a denial of access to a person with physical disabilities, all to plaintiff's damages as

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendant in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

61.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about October 13, 2007, October 15, 2007 and November 8, 2007, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

62.    As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendant to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2    **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
     **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
3    (On Behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS,
     ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
4    California public benefit corporation and Against Defendant WASHOE HOUSE, INC., a
     California corporation inclusive)
5    (Health & Safety Code §19955, *et seq.*)

6        63.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

7    the allegations contained in paragraphs 1 through 62 of this complaint.

8        64.    Health & Safety Code §19955 provides in pertinent part:

9            The purpose of this part is to insure that public accommodations or
             facilities constructed in this state with private funds adhere to the
10           provisions of Chapter 7 (commencing with Sec. 4450) of Division
             5 of Title 1 of the Government Code.  For the purposes of this part
11           "public accommodation or facilities" means a building, structure,
             facility, complex, or improved area which is used by the general
12           public and shall include auditoriums, hospitals, theaters,
             restaurants, hotels, motels, stadiums, and convention centers.
13           When sanitary facilities are made available for the public, clients or
             employees in such accommodations or facilities, they shall be
14           made available for the handicapped.

15       65.    Health & Safety Code §19956, which appears in the same chapter as §19955,

16   provides in pertinent part, "accommodations constructed in this state shall conform to the

17   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

18   Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

19   public accommodations constructed or altered after that date.  On information and belief,

20   portions of the WASHOE HOUSE and/or of the building(s) were constructed and/or altered after

21   July 1, 1970, and substantial portions of the house and/or the building(s) had alterations,

22   structural repairs, and/or additions made to such public accommodations after July 1, 1970,

23   thereby requiring said house and/or building to be subject to the requirements of Part 5.5,

24   §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions

25   per Health & Safety Code §19959.

26       66.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

27   Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,

28   1982, Title 24 of the California Building Standards Code adopted the California State Architect's

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1    Regulations and these regulations must be complied with as to any alterations and/or

2    modifications of the WASHOE HOUSE and/or the building(s) occurring after that date.

3    Construction changes occurring prior to this date but after July 1, 1970 triggered access

4    requirements pursuant to the "ASA" requirements, the American Standards Association

5    Specifications, A117.1-1961.  On information and belief, at the time of the construction and

6    modification of said building, all buildings and facilities covered were required to conform to

7    each of the standards and specifications described in the American Standards Association

8    Specifications and/or those contained in Title 24 of the California Building Standards Code.

9         67.    Steak Houses such as the WASHOE HOUSE are "public accommodations or

10   facilities" within the meaning of Health & Safety Code §19955, *et seq*.

11        68.    As a result of the actions and failure to act of the defendant, and as a result of the

12   failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

13   denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of

14   plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal

15   access to public facilities.

16        69.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

17   plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

18   plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

19   physical disabilities and prohibiting discrimination against the persons with physical disabilities,

20   and to take such action both in plaintiffs' own interests and in order to enforce an important right

21   affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all

22   reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

23   §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

24   and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

25   and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

26   3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

27   party.

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

70.    Plaintiffs seek injunctive relief for an order compelling defendant, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant WASHOE HOUSE, INC., a California corporation inclusive)
(Civil Code §51, 51.5)

71.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 70 of this complaint.

72.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

> A violation of the right of any individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-336)
> shall also constitute a violation of this section.

2

3  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

4  "intent" of the defendant in not complying with barrier removal is not an issue.  Hence, the

5  failure on the parts of defendant, as reasonable and prudent public accommodations, in acting or

6  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

7  defendant, and each of them.

8       73.    The acts and omissions of defendant stated herein are discriminatory in nature and

9  in violation of Civil Code §51.5:

10

> No business establishment of any kind whatsoever shall
> discriminate against, boycott or blacklist, refuse to buy from, sell

11

> to, or trade with any person in this state because of the race, creed,
> religion, color, national origin, sex, or **disability** of the person or of

12

> the person's partners, members, stockholders, directors, officers,
> managers, superintendents, agents, employees, business associates,

13

> suppliers, or customers.

14

> As used in this section, "person" includes any person, firm
> association, organization, partnership, business trust, corporation,

15

> limited liability company, or company.

16

> Nothing in this section shall be construed to require any
> construction, alteration, repair, structural or otherwise, or

17

> modification of any sort whatsoever, beyond that construction,
> alteration, repair or modification that is otherwise required by other

18

> provisions of law, to any new or existing establishment, facility,
> building, improvement, or any other structure . . . nor shall

19

> anything in this section be construed to augment, restrict or alter in
> any way the authority of the State Architect to require construction,

20

> alteration, repair, or modifications that the State Architect
> otherwise possesses pursuant to other laws.

21

22       74.    Defendants' acts and omissions as specified have denied to plaintiffs full and

23  equal accommodations, advantages, facilities, privileges and services in a business establishment,

24  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

25  Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

26  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

27  Law 101-336) shall also constitute a violation of this section".  Plaintiffs accordingly incorporate

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  the entirety of their above cause of action for violation of the Americans with Disabilities Act at

2  §41, *et seq*., as if repled herein.

3        75.    As a legal result of the violation of plaintiff DAREN HEATHERLY's  civil rights

4  as hereinabove described, plaintiff DAREN HEATHERLY has suffered general damages, bodily

5  injury on or about October 13, 2007, (including, but not limited to, fatigue, stress, strain and pain

6  in wheeling and attempting to and/or transferring up, on, down, to, over, around and through

7  architectural barriers.  Specifically, as a legal result of defendant negligence in the design,

8  construction and maintenance of the existing men's restroom, plaintiff suffered continuous,

9  repetitive and cumulative trauma to his upper extremities while attempting to extricate himself

10  from the men's restroom).

11        76.    Further, plaintiff DAREN HEATHERLYsuffered physical injury, emotional

12  distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and

13  costs).  Plaintiffs DAREN HEATHERLY and DREES are entitled to the rights and remedies of

14  §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil

15  Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs,

16  as is allowed by statute, according to proof if deemed to be the prevailing party.

17  **PRAYER:**

18        Plaintiffs pray that this court award damages and provide relief as follows:

19  **I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A**

20  **PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq*.)**

21  (On Behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a

22  California public benefit corporation, and Against Defendant WASHOE HOUSE, INC., a California corporation , inclusive)

23  (42 U.S.C. §12101, *et seq*.)

24        1.    For injunctive relief, compelling defendant WASHOE HOUSE, INC., a California

25  corporation, inclusive, to make the WASHOE HOUSE, located at 2840 Roblar Road, Petaluma,

26  California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181,

27  *et seq*., and to make reasonable modifications in policies, practice, eligibility criteria and

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2. For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

**II.** **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant WASHOE HOUSE, INC., a California corporation, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1. For injunctive relief, compelling defendant WASHOE HOUSE, INC., a California corporation, inclusive, to make the WASHOE HOUSE, located at 2840 Roblar Road, Petaluma, California, readily accessible to and usable by individuals with disabilities, per state law.

2. Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3. Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4. Treble damages pursuant to Civil Code §54.3;

5. For all costs of suit;

6. Prejudgment interest pursuant to Civil Code §3291;

7. Such other and further relief as the court may deem just and proper.

**III.** **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff DAREN HEATHERLY, and Against Defendant WASHOE HOUSE, INC., a California corporation, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1. General and compensatory damages according to proof.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
§19955, *ET. SEQ.***
(On Behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
California public benefit corporation, and Against Defendant WASHOE HOUSE, INC., a
California corporation, inclusive)
(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendant WASHOE HOUSE, INC., a California
corporation, inclusive, to make the WASHOE HOUSE, located at 2840 Roblar Road, Petaluma,
California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,
and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs DAREN HEATHERLY and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
California public benefit corporation and Against Defendant WASHOE HOUSE, INC., a
California corporation, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident
and for each occasion on which plaintiffs were deterred from returning to the subject public
accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the
prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
       FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
2      PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
       CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
3      (On Behalf of Plaintiff DAREN HEATHERLY, and Against Defendant WASHOE
       HOUSE, INC., a California corporation, inclusive)
4      (California Civil Code §§51, 51.5, *et seq.*)

5          1.      General and compensatory damages to plaintiff DAREN HEATHERLY according

6  to proof.

7

8  Dated: _1/28/08_ , 2008        THOMAS E. FRANKOVICH
                                   *A PROFESSIONAL LAW CORPORATION*
9

10

11                               By: _____
                                       THOMAS E. FRANKOVICH
                                 Attorneys for Plaintiffs DAREN HEATHERLY and
12                               DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                                 SERVICES: HELPING YOU HELP OTHERS, a California public
13                               benefit corporation

14
                                **DEMAND FOR JURY TRIAL**
15
          Plaintiffs hereby demand a jury for all claims for which a jury is permitted.
16
   Dated: _1/28/08_ , 2008        THOMAS E. FRANKOVICH
17                                 *A PROFESSIONAL LAW CORPORATION*

18

19                               By: _____
                                       THOMAS E. FRANKOVICH
20                               Attorneys for Plaintiffs DAREN HEATHERLY and
                                 DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
21                               SERVICES: HELPING YOU HELP OTHERS, a California
                                 public benefit corporation
22

23

24

25

26

27

28

# EXHIBIT A

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

October 24, 2007

Washoe House Manager
2840 Roblar Road
Petaluma, CA  94952

Dear Manager:

Recently my husband and I have been to the Washoe House. It's a great old place. It's neat. It's historic. But it's not accessible. But it's also easy to fix. You see we both use wheelchairs to get around in. So, we need parking for the disabled that is van accessible. That way we don't get blocked out of our van and can easily wheel to the front door. The food's good but the restrooms aren't. The restrooms are too small or crowded with partitions. Seems you could make them bigger by using the hallways to get more space. Maybe you could make one bigger by getting rid of some of the partitions, or move things around. Anyway, we think you could fix it up a bit.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this, would you forward my letter to whom ever is in charge. I'd like to come back to the Washoe House once it's accessible to me. I may still come back before you do the work just because I like the place if there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

Thank you for considering my request.

Thank You,

Irma Ramirez

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

October 24, 2007

Owner of the Building for Washoe House
2840 Roblar Road
Petaluma, CA  94952

Dear Owner of the building for Washoe House:

Recently my husband and I have been to the Washoe House. It's a great old place. It's neat. It's historic. But it's not accessible. But it's also easy to fix. You see we both use wheelchairs to get around in. So, we need parking for the disabled that is van accessible. That way we don't get blocked out of our van and can easily wheel to the front door. The food's good but the restrooms aren't. The restrooms are too small or crowded with partitions. Seems you could make them bigger by using the hallways to get more space. Maybe you could make one bigger by getting rid of some of the partitions, or move things around. Anyway, we think you could fix it up a bit.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this, would you forward my letter to whom ever is in charge. I'd like to come back to the Washoe House once it's accessible to me. I may still come back before you do the work just because I like the place if there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

Thank you for considering my request.

Thank You,

Irma Ramirez

Irma Ramirez