Mark S. Perelman - 120961
Kimberly A. Shields - 245326
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel:  (415) 788-1900
Fax:  (415) 393-8087

Attorneys for Defendant
WASHOE HOUSE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAREN HEATHERLY, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WASHOE HOUSE, INC., a California corporation,<br><br>Defendants. | Case No.: CV-08-0736 MMC<br><br>DEFENDANT WASHOE HOUSE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT<br><br>***DEMAND FOR JURY TRIAL*** |

Comes now Defendant WASHOE HOUSE, INC. (hereinafter, "Defendant") and hereby answers and responds to the allegations in Plaintiffs' Complaint in the above-captioned matter as follows:

## ANSWER

**INTRODUCTION**

1. In response to Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2. In response to Paragraph 2 of the Complaint, Defendant is without sufficient knowledge

- 1 -

1  or information to form a belief as to the truth of the allegations contained in said paragraph, and on that
2  basis denies each and every allegation contained therein.

3      3.    In response to Paragraph 3 of the Complaint, Defendant admits all allegations therein.

4      4.    In response to Paragraph 4 of the Complaint, Defendant admits all allegations therein,
5  with the exception of the allegations that "plaintiffs' causes of action arose in this county," which
6  allegations Defendant is without sufficient knowledge or information to form a belief as to their truth,
7  and on that basis denies each and every allegation contained therein.

**PARTIES**

    5.    In response to Paragraph 5 of the Complaint, Defendant is without sufficient knowledge
or information to form a belief as to the truth of the allegations contained in said paragraph, and on that
basis denies each and every allegation contained therein.

    6.    In response to Paragraph 6 of the Complaint, Defendant is without sufficient knowledge
or information to form a belief as to the truth of the allegations contained in said paragraph, and on that
basis denies each and every allegation contained therein.

    7.    In response to Paragraph 7 of the Complaint, Defendant is without sufficient knowledge
or information to form a belief as to the truth of the allegations contained in said paragraph, and on that
basis denies each and every allegation contained therein.

    8.    In response to Paragraph 8 of the Complaint, Defendant admits all allegations therein.

    9.    In response to Paragraph 9 of the Complaint, Defendant admits all allegations therein.

    10.    In response to Paragraph 10 of the Complaint, Defendant is without sufficient
knowledge or information to form a belief as to the truth of the allegations contained in said paragraph,
and on that basis denies each and every allegation contained therein.

**PRELIMINARY FACTUAL ALLEGATIONS**

    11.    In response to Paragraph 11 of the Complaint, Defendant admits all allegations therein,
with the exception of the allegations that, "each facility has, since July 1, 1970, undergone 'alterations,
structural repairs and additions,' each of which has subjected the WASHOE HOUSE and each of its
facilities, its signage, parking, path of travel, entrance bar and restrooms to disability access
requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24

of the California Code of regulations (Title 24)," which allegations Defendant is without sufficient knowledge or information to form a belief as to their truth, and on that basis denies each and every allegation contained therein.

12. In response to Paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13. In response to Paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. In response to Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15. In response to Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16. In response to Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17. In response to Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18. In response to Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19. In response to Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20. In response to Paragraph 20 of the Complaint, Defendant is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. In response to Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. In response to Paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23a. In response to Paragraph 23a of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23b. In response to Paragraph 23b of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23c. In response to Paragraph 23c of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23d. In response to Paragraph 23d of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23e. In response to Paragraph 23e of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23f. In response to Paragraph 23f of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23g. In response to Paragraph 23g of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph,

1 and on that basis denies each and every allegation contained therein.

2   23h.   In response to Paragraph 23h of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23i.   In response to Paragraph 23i of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23j.   In response to Paragraph 23j of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23k.   In response to Paragraph 23k of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24.   In response to Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

25.   In response to Paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

26.   In response to Paragraph 26 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

27.   In response to Paragraph 27 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28.   In response to Paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

29. In response to Paragraph 29 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

30. In response to Paragraph 30 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31. In response to Paragraph 31 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

32. In response to Paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

33. In response to Paragraph 33 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

34. In response to Paragraph 34 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

35. In response to Paragraph 35 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

36. In response to Paragraph 36 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

37. In response to Paragraph 37 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

38. In response to Paragraph 38 of the Complaint, Defendant is without sufficient

DEFENDANT WASHOE HOUSE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT – CV-08-0736 MMC

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

39. In response to Paragraph 39 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

40. In response to Paragraph 40 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

I. **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

41. In response to Paragraph 41 of the Complaint, Defendant admits all allegations therein.

42. In response to Paragraph 42 of the Complaint, Defendant admits all allegations therein.

43. In response to Paragraph 43 of the Complaint, Defendant admits all allegations therein.

44. In response to Paragraph 44 of the Complaint, Defendant admits all allegations therein.

45. In response to Paragraph 45 of the Complaint, Defendant admits all allegations therein.

46. In response to Paragraph 46 of the Complaint, Defendant admits all allegations therein, with the exception of the allegations that "[t]he acts of defendant set forth herein were in violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* – Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3," which allegations Defendant is without sufficient knowledge or information to form a belief as to their truth, and on that basis denies each and every allegation contained therein.

47. In response to Paragraph 47 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

48. In response to Paragraph 48 of the Complaint, Defendant admits all allegations therein, with the exception of the allegations that "properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are 'readily achievable' by the defendant under the

standards set forth in §301(9) of the Americans with Disabilities Act. Furthermore, if it was not 'readily achievable' for defendant to remove each of such barriers, the defendant has failed to make the required services available through alternative methods which were readily achievable," which allegations Defendant is without sufficient knowledge or information to form a belief as to their truth, and on that basis denies each and every allegation contained therein.

49. In response to Paragraph 49 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

50. In response to Paragraph 50 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

51. In response to Paragraph 51 of the Complaint, Defendant admits all allegations therein, with the exception of the allegations that, "[p]ursuant to this section, plaintiff DAREN HEATHERLY has not returned to defendants' premises since on or about November 8, 2007, but on information or belief, alleges that the defendant has continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation," which allegations Defendant is without sufficient knowledge or information to form a belief as to their truth, and on that basis denies each and every allegation contained therein.

52. In response to Paragraph 52 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

II. **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 53, *et seq*.**

53. In response to Paragraph 53 of the Complaint, Defendant admits all allegations therein.

54. In response to Paragraph 54 of the Complaint, Defendant admits all allegations therein.

55. In response to Paragraph 55 of the Complaint, Defendant admits all allegations therein.

56. In response to Paragraph 56 of the Complaint, Defendant admits all allegations therein.

57. In response to Paragraph 57 of the Complaint, Defendant admits all allegations therein,

with the exception of the allegations that, "Plaintiff DAREN HEATHERLY and the membership of Plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendant, and each of them as prescribed by Civil Code §§54 and 54.1. Plaintiffs have been and continue to be denied full access to defendant's WASHOE HOUSE. As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the house because of their knowledge and belief that the WASHOE HOUSE is inaccessible to persons with disabilities," which allegations Defendant is without sufficient knowledge or information to form a belief as to their truth, and on that basis denies each and every allegation contained therein.

    58.    In response to Paragraph 58 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

    59.    In response to Paragraph 59 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

    60.    In response to Paragraph 60 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

    61.    In response to Paragraph 61 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

    62.    In response to Paragraph 62 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955,** *et seq.*

    63.    In response to Paragraph 63 of the Complaint, Defendant admits all allegations therein.

DEFENDANT WASHOE HOUSE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT – CV-08-0736 MMC

64. In response to Paragraph 64 of the Complaint, Defendant admits all allegations therein.

65. In response to Paragraph 65 of the Complaint, Defendant admits all allegations therein, with the exception of the allegations that, "portions of the WASHOE HOUSE and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the house and/or building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said house and/or building to be subject to the requirements of Part 5.5, §19955 et seq., of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959," which allegations Defendant is without sufficient knowledge or information to form a belief as to their truth, and on that basis denies each and every allegation contained therein.

66. In response to Paragraph 66 of the Complaint, Defendant admits all allegations therein, with the exception of the allegations that, "at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code," which allegations Defendant is without sufficient knowledge or information to form a belief as to their truth, and on that basis denies each and every allegation contained therein.

67. In response to Paragraph 67 of the Complaint, Defendant admits all allegations therein.

68. In response to Paragraph 68 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

69. In response to Paragraph 69 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

70. In response to Paragraph 70 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

///

### IV. FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *et seq.* (THE UNRUH CIVIL RIGHTS ACT)

71. In response to Paragraph 71 of the Complaint, Defendant admits all allegations therein.

72. In response to Paragraph 72 of the Complaint, Defendant admits all allegations therein, with the exception of the allegations that, "Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act . . . Hence, the failure on the parts of defendant, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a 'negligent per se' act of defendant, and each of them," which allegations Defendant is without sufficient knowledge or information to form a belief as to their truth, and on that basis denies each and every allegation contained therein.

73. In response to Paragraph 73 of the Complaint, Defendant admits all allegations therein, with the exception of the allegations that, "[t]he acts and omissions of defendant stated herein are discriminatory in nature and in violation of Civil Code §51.5," which allegations Defendant is without sufficient knowledge or information to form a belief as to their truth, and on that basis denies each and every allegation contained therein.

74. In response to Paragraph 74 of this Complaint, Defendant admits all allegations therein, with the exception of the allegations that, "Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act," which allegations Defendant is without sufficient knowledge or information to form a belief as to their truth, and on that basis denies each and every allegation contained therein.

75. In response to Paragraph 75 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

76. In response to Paragraph 76 of the Complaint, Defendant is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

As to the Plaintiffs' Prayer for Damages and Relief, Defendant denies on information and belief that Plaintiffs have suffered any damage as the result of any conduct, act, or omissions by Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred by the applicable statute of limitations stated in Part Two, Title II, Chapter 3, of the Cal. Code of Civil Procedure, including, but not limited to, Sections 337, 338, 339, 340, 340(3), 340.5, 340.6 and 343.

### THIRD AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that Plaintiffs themselves were negligent and/or careless in and about the matters alleged in the Complaint, and to the extent said negligence and/or carelessness caused and/or contributed to injuries and/or damages, if any, Plaintiffs' recovery should be barred or proportionately reduced.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon alleges that other persons were careless and/or negligent, and/or committed intentional acts, and that this carelessness and negligence or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon allege that Plaintiffs failed and neglected to use reasonable care to protect themselves and to minimize the losses and damages complained of, if there were any.

///

DEFENDANT WASHOE HOUSE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT – CV-08-0736 MMC

### SIXTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon alleges that Plaintiffs ratified and confirmed the transactions which are the subject matter of the Complaint, and every representation, if any, made by these Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Laches.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Unclean Hands.

### NINTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Waiver and Plaintiff is also estopped from maintaining this action.

### TENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that Plaintiffs consented to all the acts of the Defendant complained of in the Complaint, and that said consent was both express and implied.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon alleges that statutory and common law immunities apply to the acts and/or omissions complained of in the Complaint on file herein.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that all their actions were taken in good faith and with a reasonable belief that such actions were lawful.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' action herein is for alleged personal injury, property damages or wrongful death, based upon principles of comparative fault, and accordingly, pursuant to the provisions of Cal. Civil Code Section 1431, et seq., these answering defendants' liability, if any, for non-economic damages, if any, shall be several only and shall not be joint; this Defendant requests a judicial determination of the

1  amount of non-economic damages, if any, allocated to these answering defendants in direct proportion
2  to these defendants' percentage of fault, if any, and a separate judgment in conformance therewith.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges, upon information and belief, that other persons or entities and each of them, named and unnamed in the Complaint were guilty of negligence, or other acts or omissions in the matters set forth in the Complaint, which proximately caused or contributed to the damages or loss complained of, if any, and that Defendant is liable, if at all, only for the amount of non-economic damages allocated to fault, and that the Court is requested to determine and allocate the percentage of negligence attributable to each of the other persons or entities at fault.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant hereby alleges, on information and belief, that the facility or facilities that form the basis of Plaintiffs' Complaint, have not, since July 1, 1970 or any of the other relevant dates set forth in the Complaint, undergone alterations, structural repairs and/or additions which would have subjected the facility or facilities, including, without limitation, its signage, parking, path of travel, entrance bar and/or restrooms to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines, Title 24 of the California Code of Regulations or per any other relevant statute, regulation or principle of law.

### SIXTEENTH AFFIRMATIVE DEFENSE

The accommodations and/or modifications requested by Plaintiffs herein, if any are deemed necessary or required, which Defendant expressly denies, would cause an undue hardship on Defendant's business in that they would require significant difficulty and/or expense.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The accommodations and/or modifications requested by Plaintiffs herein, if any are deemed necessary or required, which Defendant expressly denies, would fundamentally alter the nature or function of Defendant's business.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant hereby alleges, on information and belief, that monetary and/or compensatory damages are not available to Plaintiffs under the statutes, regulations and/or principles of law cited by

Plaintiffs in their Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant informed and believe and thereon alleges that one of Plaintiffs' alleged causes of action may be seeking punitive damages, attempting to take advantage of statutory law of the State of California and decisions of the California Supreme Court with respect to allowing punitive damages. The decisions of law, if applied in this case, would contravene these Defendant's constitutional rights to substantive and procedural due process of law as preserved for these Defendants by the Fourteenth Amendment of the United States Constitution, and further would constitute a denial by this Court of these Defendant's constitutional right to equal protection under the law as provided by the Fourteenth Amendment; and further would constitute cruel and unusual punishment as well as an excessive fine as proscribed by the Eighth Amendment; and further would constitute a taking of private property for public use without just compensation, and such taking would contravene this Defendant's constitutional rights preserved by the Fourteenth Amendment.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in Federal Rule of Civil Procedure 8(c), so as not to waive them at this time: assumption of risk, contributory negligence, duress, illegality, license, injury caused by Plaintiffs' fellow servants and failure to join an indispensable party.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial in this action.

///
///
///

DEFENDANT WASHOE HOUSE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT – CV-08-0736 MMC

**PRAYER**

WHEREFORE, Defendant prays as follows:

1. That Plaintiffs take nothing from this answering Defendant by this Complaint;
2. That Defendant be awarded judgment in this action;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems proper.

Dated: April 9, 2008

MURPHY, PEARSON, BRADLEY & FEENEY

By _____
Mark S. Perelman
Kimberly A. Shields
Attorneys for Defendant
WASHOE HOUSE, INC.

KAS.10414913.doc